WESTERN UNION TELEGRAPH Co. *v.* HAZLEHURST OIL MILL & FERTILIZER Co.

[77 South. 187, Division A.]

1. SALES. *Cancellation. Validity.*

> Where the seller received the purchaser's telegram of confirmation of sale within the time stipulated, before the purchaser received the seller's telegram of cancellation, such attempted cancellation was void.

2. TELEGRAPH AND TELEPHONES. *Receipt of message. Notice by telegraph company.*

> The fact that a telegram confirming a sale to the sender of certain cotton was received by the seller within the time agreed upon, and the purchaser believed that cancellation by the seller was received by him before confirmation of sale was received by the seller, did not render the telegraph company liable for not having notified him of the delivery of the telegram; such notice not being necessary, except in case of a repeated message.

APPEAL from the circuit court of Copiah county.

HON. D. M. MILLER, Judge.

Suit by the Hazlehurst Oil Mill & Fertilizer Company against the Western Union Telegraph company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McNair, Brady & Dean* and *J. B. Harris,* for appellant.

*R. N. & H. B. Miller* and *R. H. & J. H. Thompson,* for appellee.

Sykes, J., delivered the opinion of the court.

The appellee, Hazlehurst Oil Mill & Fertilizer Company, filed suit in the circuit court of Copiah county against the appellant, Western Union Telegraph Company, for the sum of one thousand five hundred dollars, for damages alleged to have been sustained by the appellee oil mill because of negligent delay in the transmission and delivery of a telegram sent by appellee to one W. F. Hoy, at Prentiss, Miss., upon October 13, 1915.

The necessary facts relating to this suit are as follows: On October 12, 1915, the Board of Trustees of the Mississippi Penitentiary sold ten cars of cotton seed to W. F. Hoy. Mr. Covington, the manager of the appellee oil mill at Hazlehurst, ascertained this fact, and on the following morning (October 13th) telephoned Mr. Hoy to know what he would take for the seed. Covington and Hoy agreed upon a price of thirty-six dollars a ton, and that the oil mill and Hoy should confirm by telegram the terms of this sale, each to the other. About 10:30 o'clock that morning the oil mill filed with the appellant company a telegram in these words:

"W. F. Hoy, Prentiss, Miss. We confirm purchase from you ten to fifteen cars state cotton seed at thirty-six dollars f. o. b. cars. [Signed] Hazlehurst Oil Mill & Fertilizer Co."

Mr. Hoy, about the same time, filed his telegram of confirmation in the following words:

"Hazlehurst Oil Mill & Fertilizer Co., Hazlehurst, Miss. Confirming sale seed thirty-six dollars ton to you f. o. b. state farm. [Signed] W. F. Hoy."

The appellee oil mill received Mr. Hoy's telegram the afternoon of the 13th. Mr. Hoy, however, did not receive the telegram of the appellee oil mill untill the morning of the 14th, about 9:20 o'clock. After the filing with the telegraph company of both these messages the price of cotton seed advanced considerably. On the night of the 13th, Mr. Hoy had a telephone conversation with Mr. Covington, the manager of the appellee oil mill, in which Hoy stated that he had not received his telegram confirming the sale. Mr. Covington told him that he had filed the same on the morning of the 13th and insisted that the cotton seed were his; that the sale had been duly consummated. The result of the conversation was that Mr. Hoy agreed with Mr. Covington to wait until the next morning for the receipt of appellee's telegram. The following morning, Mr. Hoy went out to the fair grounds at Prentiss, and, about 9 o'clock, wrote a postal card to the appellee company in which he stated that it was now 9 o'clock; that he had not received the telegram confirming the sale; and that he would wait until 10 o'clock for a confirmation; that if he did not receive this confirmation by 10 o'clock he would sell the seed elsewhere.

The telegram of the appellee company to Mr. Hoy reached Prentiss about 9 o'clock that morning, was sent out to the fair grounds for delivery, and was telephoned to Mr. Hoy by the agent of the telegraph company at 9:20 o'clock. Mr. Hoy is not certain as to the exact time this message was telephoned to him, but the testimony of the agent of appellant company is positive and undisputed that he delivered it over the phone to Mr. Hoy, himself, at 9:20 o'clock the morning of the 14th. Some time on either the 14th or 15th, the record is not clear as to the exact day, Mr. Hoy sent a telegram to the appellee oil mill, stating that "confirmation too late to accept; have sold elsewhere." The testimony further shows that,

after Mr. Hoy had received the telegram of confirmation on the morning of October 14th he and Mr Covington had another telephonic conversation, either that day or on the 15th, in which Mr. Hoy insisted the sale was off, and in which Mr. Covington insisted that it was binding. An agreement was then reached between them whereby Mr. Hoy sold the same amount of cotton seed to the appellee at an advance of two dollars per ton. The appellee company had an agent at Prentiss, and this contract of sale was reduced to writing. Under this contract Mr. Hoy had shipped to the appellee company the identical seed which he had bought from the Board of Trustees of the State Penitentiary, and which he had agreed to sell the appellee for thirty-six dollars a ton.

The jury rendered a verdict in favor of the plaintiff for five hundred and twenty-three dollars and seventy cents, which amounted to the two dollars a ton additional price paid by appellee for the seed. Judgment was entered in the circuit court for this amount, from which judgment this appeal is prosecuted here. There are numerous reasons assigned why the case should be reversed, but it is only necessary for us to consider one proposition.

The uncontradicted testimony in the case shows that the telegram by which Mr. Hoy attempted to cancel or annul the contract was not received by the appellee until after Hoy had received its confirmatory telegram. This attempted cancellation was of no binding force or effect until it had been received by the sendee oil mill at Hazlehurst. 1 Elliott on Contracts, section 34. In fact, this telegram does not seem to have been sent, according to its date as shown in the record, until October 15th. Under either aspect, it is quite certain that Hoy had received the message from the appellee company confirming the sale before this company had received his message canceling or revoking it.

It is also shown in the testimony that, at the time of the telephonic conversation, either on the afternoon of October 14th or 15th, in which Mr. Hoy again attempted to cancel or revoke the contract of sale, he had received appellee's message of confirmation. In other words, appellee's message had served its purpose. Mr. Hoy, by his postal card, had agreed to wait until 10 o'clock on the morning of the 14th for this message; the testimony shows that he received it before that time. Therefore, after its reception by him at 9:20 on the morning of the 14th, the contract of sale was just as binding upon Hoy as it could possibly have been had he received the message promptly on October 13th. It is not necessary for us to decide in this case whether or not, upon the reception of the two confirmatory telegrams by the parties to the contract, the contract then became complete. The confirmatory telegram of the appellee company to Mr. Hoy was not what is commonly called a "repeated message;" that is to say, the appellee had not paid the additional charges whereby it was to be notified when the message was delivered. Consequently, there was no duty resting upon the appellant company to notify appellee at what time as a matter of fact this message was received by Mr. Hoy. All of the rights and liabilities of the parties in this case arising out of the sending of these telegrams were completely settled when Mr. Hoy received his confirmatory telegram before 10 o'clock on October 14th. The appellee, had it so desired, could have ascertained the fact that its telegram had been delivered to Mr. Hoy on the morning of the 14th. It follows therefore that, even conceding for the purposes of this decision that the appellant company was guilty of negligence in the transmission of the message to Mr. Hoy, this negligence was not the proximate cause of appellee's having to pay the advanced price it did for this cotton seed.

The judgment of the lower court is reversed, and judgment will be entered here in favor of the appellant.

*Reversed, and judgment here.*